IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MORENO ENERGY, INC.,           §
                               §
            Plaintiff,         §
                               §
VS.                            §   CIVIL ACTION H-11-4518
                               §
MARATHON OIL COMPANY, MARATHON §
E.G. PRODUCTION LIMITED, and   §
MARATHON E.G. INTERNATIONAL    §
LIMITED,                       §
                               §
            Defendant.         §

**OPINION AND ORDER**

Pending before the Court in the above referenced declaratory judgment action, alleging breach of contract, conversion, and unjust enrichment/money had and received, arising out of Defendants' alleged efforts to deprive Plaintiff Moreno Energy, Inc. ("Moreno"), a citizen of Texas, of substantial portions of its overriding royalty interest in the Alba Field, a "super giant" gas condensate field located in Equatorial Guinea, West Africa, is Moreno's motion to remand (instrument #8).

**Relevant Law**

The right to remove a case from state court depends upon the plaintiff's pleading at the time of the petition for removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995); *Ford v. Property & Cas. Ins. Co. of Hartford*, No. Civ. A. H-09-1731,

-1-

2009 WL 4825222, *2 (S.D. Tex. Dec. 9, 2009).

Under 28 U.S.C. § 1441(a)[1] any state court action over which federal courts would have original jurisdiction may be removed from state to federal court. *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 282 (5th Cir. 2007; *Guttierez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)("A district court has removal jurisdiction in any case where it has original jurisdiction.").

Under 28 U.S.C. §1332, a defendant may remove a case if there is (1) complete diversity of citizenship and (2) the amount in controversy is greater than $75,000, exclusive of interests and costs. When jurisdiction is based on diversity, citizenship of the parties must be distinctly and affirmatively alleged. *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988), *citing McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975). It is black letter law that diversity jurisdiction in a case involving a limited partnership or limited liability partnership is based on the citizenship of all members of the partnership. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990)("We adhere to our oft-repeated rule that diversity

---

[1] Title 28 U.S.C. § 1441(a) states, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The removing party bears the burden of showing that subject matter jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts are construed against removal because the removal statute is strictly construed in favor of remand. *Id.*

-2-

jurisdiction in a suit by or against [an artificial entity] depends on the citizenship of 'all the members,' 'the several persons composing such association,' 'each of its members.'" [citations omitted]); *Mullins v. TextAmerica, Inc.*, 300 Fed. App'x 259, 259 (5th Cir. 2008)(the citizenship of a limited partnership is that of all its partners, general and limited). When partners or members of a limited partnership are themselves entities or associations, each layer of members or partners must be traced until one arrives at an entity not a limited partnership. *Mullins*, 564 F.3d at 397-98. "'Failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Mullins*, 300 Fed. App'x at 259, *quoting Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

The doctrine of improper joinder, or fraudulent joinder,[2] prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2003).

---

[2] The Fifth Circuit prefers the term "improper joinder" to "fraudulent joinder" because it is more consistent with the statutory language in 28 U.S.C. §§ 1141 and 1332. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 571 n.1 and 572-73 (5th Cir. 2004).

"A claim of fraudulent joinder must be pleaded with particularity and supported by clear and convincing evidence." *Parks v. New York Times Co.,* 308 F.2d 474, 478 (5th Cir. 1962), *cert. denied*, 376 U.S. 949 (1964). Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court. *Gasch*, 491 F.3d at 281; *Smallwood*, 385 F.3d at 573. Defendants claiming improper joinder based on the second type bear a heavy burden of showing there is no possibility of recovery by the plaintiff against the instate defendant, i.e., in other words that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Smallwood*, 385 F.3d at 576. A "reasonable basis" means more than a mere a hypothetical basis. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)("whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery").

To determine whether a plaintiff has a "reasonable basis for recovery under state law, the court may "conduct a Rule 12(b)(6)-type analysis." *Smallwood*, 385 F.3d at 573; *Anderson v. Georgia Gulf Lake Charles*, 342 Fed. Appx. 911, 915 (5th Cir. 2009). First the court should look at the pleadings to determine whether the

allegations state a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573. If the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the court may look beyond the pleadings and consider summary judgment-type evidence. *Georgia Gulf*, 342 Fed. Appx. at 915-16. Discovery should be restricted and the summary inquiry should be limited to identifying "discrete and undisputed facts that would bar a plaintiffs' recovery against an in-state defendant; anything more risks 'moving the court beyond jurisdiction and into the resolution of the merits . . . .'" *Id.* at 916, *quoting Smallwood*, 385 F.3d at 573-74.[3]

The district court must resolve all contested fact issues and ambiguities of state law in favor of the plaintiff and remand. *Gasch*, 491 F.3d at 281. The Fifth Circuit explains, since "'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns.' The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be

---

[3] When a court's determination that there is no reasonable basis for predicting that state law would permit the plaintiff to recover against the in-state defendant "also compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit. In such cases, it makes little sense to single out the in-state defendants as 'sham' defendants and call their joinder improper." *Smallwood*, 385 F.3d at 574, *quoted by McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). Where the inquiry shows the same result for resident and nonresident defendants, it becomes an issue on the merits, which is beyond the bounds of the jurisdictional inquiry of an improper joinder review, and remand is necessary. *McDonal*, 408 F.3d at 183-84.

resolved in favor of remand." *Id.* at 281-82, *quoting Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995).

Procedural defects may also defeat removal jurisdiction. "A motion to remand the case on the basis of any defect in removal procedure needs to be made within 30 days after the filing of the notice of removal."   28 U.S.C. § 1447(c).[4]   A defect in the procedure for removal, if timely asserted within 30 days, may be grounds for remand to state court; if the plaintiff fails to assert a procedural defect in a timely motion to remand, it is waived. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996); *Moody v. Commercial Ins. Co. of Newark, N.J.*, 753 F. Supp. 198, 201-02 (N.D. Tex. 1990).   "'[M]ere modal or procedural defects are not jurisdictional.'"   *James J. Flanagan Shipping Corp. v. Mediterranean Shipping Co., S.A.*,499 F. Supp. 2d 710, 711-12 &n.1 (E.D. Tex. 2007)(concluding that "the omission of a copy of the service of process is merely a procedural error with no impact on jurisdiction" and allowing Defendants to supplement the removal record), *quoting Covington v. Indemnity Ins. Co. of North America*, 251 F.2d at 933.  *See also Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990)(The failure of all defendants to join

---

[4] If the defect in removal is jurisdictional rather than procedural, the court must remand the case to state court and the motion to remand my be brought any time before final judgment. 28 U.S.C. § 1447(c).

in or consent to the removal petition within thirty days of service
is not a jurisdictional defect); *Getty Oil Corp. v. Ins. Co. of N.*
*Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988).

Title 28 U.S.C. § 1446 governs the procedure for removal of a
case from state to federal district court.   Section 1446(a)
provides,

> A defendant or defendants desiring to remove any civil
> action or criminal prosecution from a State court shall
> file in the district court of the United States for the
> district and division within which such action is pending
> a verified petition containing a short and plain
> statement of the facts which entitle him or them to
> removal *together with a copy of all process, pleadings*
> *and orders served upon him or them in such action.*
> [emphasis added by the court]

Section 1446(b) reads,

> The petition for removal of a civil action or proceeding
> shall be filed within thirty days after the receipt by
> the defendant through service or otherwise, of a copy of
> the initial pleading setting forth the claim for relief
> upon which such action or proceedings is based or within
> thirty days after the service of summons upon the
> defendant if such initial pleading has then been filed in
> court and is not required to be served on the defendant,
> whichever period is shorter.

Courts have interpreted § 1446(a) to mandate that all then
served and properly joined defendants must consent to the removal
and join in the removal petition.  *Fontenot v. Global Marine, Inc.*,
703 F.2d 867, 870 n.3 (5th Cir. 1983); *Tri-Cities Newspapers, Inc.*
*v. Tri-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d
325, 326 (5th Cir. 1970).   In the Fifth Circuit, all served
defendants must join in the petition for removal within thirty days

-7-

of service on the first defendant, and if consent of all served defendants is not timely obtained, the removal is procedurally defective. *Doe v. Kerwood*, 969 F. 2d 165, 167, 169 (5th Cir. 1992). This "rule of unanimity" requires that there be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action"; each defendant does not need to sign the notice of removal to effect removal. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). There need only be some timely filed written indication from each defendant or from someone purporting to represent that defendant formally. *Getty Oil*, 841 F.2d at 1262 n.11. A defendant is free to amend a notice of removal within the thirty-day period, but once that thirty-day period has expired, amendment is not available to cure a substantive defect in removal proceedings. *Moody v. Commercial Ins. Co. of Newark, N.J.*, 753 F. Supp. 198, 201-02 (N.D. Tex. 1990).

Nevertheless there are three well-recognized exceptions to the rule that all defendants must join in the removal petitions to effect removal: (1) where the defendant was not yet served with process at the time the removal petition was filed[5]; (2) where a defendant is merely a nominal, unnecessary or formal party-

---

[5] *See, e.g., Jones v. Houston ISD*, 979 F.2d 1004, 1007 (5th Cir. 1992).

defendant[6]; and (3) where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c). *Moody v. Commercial Ins. Co.*, 753 F. Supp. 198, 200 (N.D. Tex. 1990).

### Defendant's Motion to Remand

Defendant Marathon Oil Company, which has an office in Houston, Texas, timely removed this action from the 152nd Judicial District Court of Harris County, Texas, solely on diversity jurisdiction and alleges that it was improperly joined to defeat jurisdiction and therefore its citizenship should be disregarded.[7] Notice of Removal, #1.

The state court petition identifies Moreno as a Texas corporation with its principal place of business in Houston, Texas, while stating that Marathon is an Ohio corporation with its principal place of business in Houston, Texas. The petition identifies MEGPL and MEGIL as organized under the laws of Grand Cayman and having their principal places of business in Houston,

---

[6] *See, e.g., Farias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir.), *cert. denied*, 502 U.S. 866 (1991). Whether a party is "'nominal'" for removal purposes depends on "'whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff.'" *Acosta v. Master Maintenance and Construction, Inc.*, 452 F.3d 373, 379 (5th Cir. 2006), *quoting Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970). Another exception is where there is improper or fraudulent joinder of a defendant. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993).

[7] Originally Marathon also argued that Defendants Marathon E.G. Production Limited ("MEGPL") and Marathon EG International, Limited's ("MEGIL") were not properly served, but that defect has been cured and MEGPL and MEGIL have appeared in this action.

Texas.  #1, Ex. B, ¶¶ 6, 7, 8, 9.  Marathon claims that MEGPL and MEGIL actually have their principal places of business in the Republic of Equatorial Guinea and that the amount in controversy exceeds $75,000, so the removal was proper.

Moreno insists that remand is appropriate for several reasons.

First, Moreno argues that as a nondiverse defendant, Marathon has no standing to remove this case on diversity.  *Pate v. Adell Compounding, Inc.*, 970 F. Supp. 542, 548 (M.D. La. 1997)(a non-diverse defendant has no standing to remove a case to federal court),[8] *citing Jewell v. Dudley L. Moore Ins., Inc.*, 872 F. Supp. 1517, 1519-20 (M.D. La. 1997)(a "federal court lacks the power to act upon any substantive motions submitted by a non-diverse party in a diversity case or to exercise subject matter jurisdiction over that party in any fashion").[9]

Second, Marathon's Notice of Removal fails to allege facts sufficient to establish jurisdiction, in particular the citizenship of MEGPL and MEGIL.  According to Moreno, the citizenship of a

---

[8] Marathon objects that this statement in *Pate* was dictum because in *Pate*, a non-diverse defendant had not removed the case but only joined in an amended notice of removal to correct an allegation that the removing defendant had made about the non-diverse defendant's principal place of business.  #10 at p. 4.

[9] Marathon responds that in *Jewell* the court did not opine about whether a non-diverse party may remove, but held that a non-diverse party claiming to have been fraudulently joined lacked standing to participate in the discovery proceedings in that action.  #10 at p. 4.  The Court agrees.  "If the nondiverse party *has not* been fraudulently joined, the court must remand the case.  If the nondiverse party *has* been fraudulently joined, the proper procedure is simply to ignore his presence."  *Jewell*, 872 F. Supp. at 1520. *citing Bankston v. BASF Corp.*, 827 F. Supp. 1239 (M.D. La. 1993).

-10-

limited liability company, unlike a corporation, is not determined by where the entity was organized or has its principal place of business under 28 U.S.C. § 1332(c)(1)(deeming a corporation a citizen of both its state of incorporation and its principal place of business); instead, "like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)("This Court has refused to treat unincorporated associations as corporations for diversity purposes."), *citing Carden*, 494 U.S. at 189 ("[W]hile the rule regarding the treatment of corporations as 'citizens' has become firmly established, we have . . . just as firmly resisted extending that treatment to other entities."). Marathon has failed to identify the citizenship of MEGPL's and MEGIL's members.   Where a pleading fails to mention the organization's members and their respective states of citizenship, it is "insufficient to establish the existence of diversity jurisdiction." *Mullins v. TestAmerica Inc.*, 300 Fed. App'x 259, 259-60 (5th Cir. 2008).  Because Marathon has failed to allege facts to support diversity jurisdiction, Moreno argues that the Court should remand it to state court.

Third, the Notice of Removal, itself, alleges facts that negate this Court' jurisdiction, specifically that Plaintiff and Marathon are both citizens of Texas.

Last, Marathon's claim of improper joinder is meritless because Marathon cannot carry its heavy burden to establish that there is no possibility that Moreno could establish a cause of action against Marathon.  Moreno has sued Marathon for conversion and unjust enrichment, in its taking royalty proceeds and foreign tax credits that rightfully belong to Moreno, and for money had and received.  Moreno insists there is a close factual fit between Moreno's allegations and theories[10] of recovery because the pleadings allege each element of the two causes of action. Moreover the pleadings easily satisfy Texas' "fair notice" pleading standard.  *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W. 3d 887, 896 (Tex. 2000)(a pleading is adequate under the "fair notice" standard if "an opposing attorney of reasonable competence, on review of the pleadings can ascertain the nature and basic issues of the controversy and the testimony [that will] probably [be] relevant [at trial]"); Tex. R. Civ. P. 47(a)(pleadings "shall contain . . . a short statement of the cause of action sufficient to give fair notice of the claim involved . . . .").[11]  Although

---

[10] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)(whether a plaintiff has alleged a valid state law cause of action depends upon "the factual fit between the plaintiff's allegations and the pleaded theory of recovery."

[11] This Court also points out *Elite Door & Trim, Inc. v. Tapia*, 355 S.W. 3d 757, 766 (Tex. App.--Dallas 2011)("The fair notice pleading standard serves to give the opposing party information sufficient to enable him to prepare a defense. . . . However, it also relieves the pleader of the burden of pleading evidentiary matters with meticulous particularity."). Furthermore, "a pleading will be liberally construed in favor of the pleader, and the court should uphold the petition as to a cause of action that may be reasonably inferred from what is

Marathon complains that some of Moreno's factual allegations that are against all three Marathon Defendants and that such vague and general allegations fail to state a claim, Moreno insists its allegations easily satisfy Texas' fair notice pleading standard. Moreno also cites *D'Souze v. Peerless Indem. Ins. Co*. No. Civ. A. H-10-4431, 2011 WL 285154, *3 (S.D. Tex. Jan. 25, 2011), in which the court held that a Texas state-court petition alleging some facts against individual defendants and others against all defendants provided a reasonable basis to predict that the plaintiff might recover against the individual in-state defendant and remanded the whole case.[12] *See also Rubin v. DaimlerChrysler Corp.*, No. H-04-4021, 2005 WL 1214605, *2 (S.D. Tex. May 20, 2005)(where the petition reveals a reasonable basis for recovery on one cause of action, the court must remand the entire suit).

Furthermore Moreno asks for an award of costs and fees under 28 U.S.C. § 1447(c) on remand.

### Marathon's Opposition (#10)

---

specifically stated, even if an element of the cause of action is not alleged." *Cal Dive Intern., Inc. v. Chartis Claims, Inc.*, Civ. A. No. 1:11:CV-347, 2011 WL 5372268, *6 (E.D. Tex. Nov. 7, 2011), *citing Horizon/CMS*, 34 S.W. 3d at 897, and *Boyles v. Kerr*, 855 S.W. 2d 593, 601 (Tex. 1993). In addition, Texas courts only dismiss a complaint at the pleading stage if the pleading affirmatively demonstrates an incurable defect; otherwise they afford the plaintiff an opportunity to replead. *Westbrook v. Penley*, 231 S.W. 3d 389, 395 (Tex. 2007).

[12] Marathon distinguishes *D'Souze* and calls it inapposite because here, Moreno has not asserted factual allegations of wrongdoing against Marathon, but instead factual allegations generic to all "Marathon Defendants." Marathon argues that Moreno does not allege specific facts against Marathon, the only non-diverse defendant, who Marathon insists is fraudulently joined.

Urging the Court to deny Moreno's motion for remand because there is diversity of citizenship among all parties that are properly joined, Marathon contends that (1) under the removal statute and case law, non-diverse defendants like Marathon may remove a case; (2) Marathon has pleaded sufficient facts to support diversity jurisdiction because MEGPL and MEGIL are citizens of a foreign state under the removal statute, 28 U.S.C. § 1446(a); and (3) Marathon was improperly joined.

Marathon highlights the fact that the removal statute, 28 U.S.C. § 1446(a), requires only that the removing party be a defendant in the state court action and does not restrict the ability of a non-diverse defendant that claims it was fraudulently joined to remove a case from state court. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 932 (S.D. Ill. 2006)("Plaintiffs have not cited, and the Court's research has not disclosed, any authority indicating that this case must be remanded because the removing Defendant is also a diversity-defeating party that claims to have been fraudulently joined."). Marathon argues that only it, and not MEGPL and MEGIL, removed the case because MEGPL and MEGIL had not and still have not been properly served, while Marathon had been.

Marathon claims that MEGPL and MEGIL, foreign citizens, were both formed under the laws of the Cayman Islands and their principal places of business are the Republic of Equatorial Guinea.

Marathon maintains that Moreno's reliance on *Harvey*, *Mullins*, and *Eastern Airlines* is misplaced because the rule that the citizenship of limited liability companies is determined by the state(s) of residence of all of their members applies only to the citizenship of unincorporated associations formed in the United States. *See Cohn v. Rosenfeld*, 733 F.2d 625, 628 (9th Cir. 1984)(opining that § 1332(a)(2) "applies to foreign legal entities of all kinds, so long as the entity is considered a juridical person under the law that created it"; finding that an "anstalt" [which resembles a limited liability company or business trust under the laws of Liechtenstein] was a juridical person under the law of Liechtenstein and thus a citizen of a foreign state under § 1332(a)(2), that diversity existed, and that the court had jurisdiction), *cert. denied*, 469 U.S. 392 (1984).   The panel explained,

> Federal courts have long recognized that other nations, particularly civil law nations, have evolved a scheme of business entities markedly different from that found in the United States.   [Defendant's] attempt to compare unincorporated American business entities with unincorporated civil law business entities is therefore virtually meaningless. . . . Foreign legal entities need not have the same attributes as an American corporation to sue in the federal courts.   Foreign nations make their own laws regarding formation of legal entities.   Under section 1332(a)(2) we ask only whether an entity is regarded as a juridical person by the law under which it was formed.   Any further limitation on the standing of these "citizens or subjects" of foreign states would involve judicial encroachment on the sovereignty of the nations that formed them. . . . If the disparate treatment accorded American and foreign unincorporated entities by the diversity statute appears improper, the

-15-

remedy lies with Congress. [citations omitted]

*Id.* at 630.

The Fifth Circuit followed *Cohn* in *Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 297-99 (5th Cir. 2010)(only relevant factor in evaluating whether the plaintiff was a foreign citizen for purposes of the removal statute was whether the plaintiff was a citizen of Lichenstein[13] under that country's law; holding that a "stiftung" created under Lichenstein law was a "juridical person" and thus a foreign citizen for purposes of diversity jurisdiction under § 1332(a)(2)).[14]

Marathon argues that the Cayman Islands recognize limited

---

[13] Alternative spelling for Liechtenstein used by the Fifth Circuit.

[14] This Court would point out that other courts, including the United States Supreme Court, have held that diversity jurisdiction can be invoked in actions between "citizens of a State and citizens or subjects of a foreign state" pursuant to 28 U.S.C. § 1332(a)(2). In *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88 (2002), the Supreme Court concluded that a foreign "national" is a "citizen or subject" of a foreign state under § 1332(a)(2) even when the foreign state is not formally recognized by the United States. Specifically in that case the Supreme Court found that a corporation formed under the laws of the British Virgin Islands was a citizen of the United Kingdom although the United States did not recognize the British Virgin Islands as a independent foreign state. *See also Puerto Rico v. Russell & Co.*, 288 U.S. 476, 481-82)(holding that because a Puerto Rican business entity similar to a limited partnership, i.e., a *sociedad en comandita*, was considered a juridical person under Puerto Rican law, its citizenship was not determined by the citizenship of its members (who were not Puerto Rican citizens), but by the domicile of the entity). Other cases that have recognized entities considered juridical persons by the law that created them to be citizens of foreign states within the meaning of § 1332(a)(2) include *Cyprus, Autocephalous Greek-Orthodox Church of Cyprus v. Goldberg and Feldman Fine Arts, Inc.*, 917 F.2d 278, 285 (7th Cir. 1990)(concluding that the Church of Cyprus was a citizen of the Republic of Cyprus, which recognized the church as a "distinct juridical entity"); and *LG Electronics, Inc. v. Asustek Computers*, 126 F. Supp. 2d 414, 418 (E.D. Va. 2000)(corporation organized under the laws of the Republic of Korea and a juridical person under those laws had standing to sue in United States District Court).

-16-

liability companies as having the same rights a privileges as "natural person[s] of full capacity," including the right to contract, own both real and personal property, and sue and be sued. Companies Law §§ 27, 28, 74, and 81 (2010), Cayman Islands, available at http://www.caymanlandinfo.ky/Documents/LawsRegulations/tabid/65/Default.aspx.

Even if the Court finds that Marathon should have alleged more than just the place of formation and the principal place of business of MEGPL and MEGIL, remand is not appropriate, and under 28 U.S.C. § 1653 defective jurisdictional allegations may be amended.  A number of appellate courts in cases based on diversity between domestic citizens under 28 U.S.C. § 1332(a)(1) agree that where a notice of removal fails to identify the citizenship of the members or partners of an unincorporated association, leave to amend should be granted under 28 U.S.C. § 1653.  *Mullins*, 300 Fed. App'x at 261 (sending case back to the district court so that a limited partnership could amend the jurisdictional allegations in its notice of removal under § 1653 to identify the citizenship of its partners rather than its state of formation); *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 654 (7th Cir. 1998)(granting removing defendant leave under § 1653 to amend its notice of removal to provide sufficient jurisdictional allegations about the citizenship of several defendants, including the citizenship of the partners of a defendant partnership); *Lindley Contours, LLC v. AABB Fitness*

-17-

*Holdings, Inc.*, 414 Fed. App'x 62, 64-65 (9th Cir. 2011)(granting removing defendant leave to amend its notice of removal under § 1653 to provide sufficient jurisdictional allegations about the citizenship of the members of co-defendant limited liability companies and partnership); *Penteco Corp. Ltd. Partnership-1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1523 (10th Cir. 1991)(sending case back to district court to conduct an inquiry into the citizenship of the members of the plaintiff partnership, which outlined in its complaint its state of formation and principal place of business instead of the citizenship of its members, and directing the court to permit amendment under § 1653 of the jurisdictional allegations if diversity was shown to exist).

Marathon contends that Moreno's pleading contains only one factual allegation that does not even present actionable conduct against Marathon (that Marathon is the purported owner of the Alba PSC, and that it otherwise levels generic allegations against all "Marathon Defendants" or specifically against MEGPL and MEGIL. "'[W]hen plaintiffs make general allegations and fail to support them with specific, underlying facts, they have not established a reasonable basis for the Court to predict that relief may be granted.'" *Cantor v. Wachovia Mortg.*, 641 F. Supp. 602, 612 (N.D. Tex. 2009), *quoting Staples v. Merck & Co.*, 270 F. Supp. 2d 833, 837 (N.D. Tex. 2003). In *Griggs v. State Farm Lloyds*, 181 F.3d at 699-701, the Fifth Circuit opined that vague and generic

-18-

allegations against all defendants and a failure to plead facts specific to a non-diverse, fraudulently joined insurance agent warranted dismissal of claims against the agent for failure to state a claim.

### Moreno's Reply (#13) and Supplement (#16)

Moreno contends that (1) multiple federal courts in this district have followed Fifth Circuit precedent in holding that the court has no jurisdiction to consider any pleadings or requests made by a non-diverse defendants; (2) Marathon did not allege that its co-defendants are citizens or subjects of a foreign state and offers no evidence to show that they are; and (3) Marathon fails to demonstrate that it was improperly joined. Moreno's supplement attaches a copy of a recent opinion issued by the Honorable Kenneth Hoyt in a similar case remanding the action to state court on the grounds that Marathon failed to satisfy its burden to show fraudulent joinder. *Cowden Walter Ltimited Partnership v. Marathon Oil Co., et al.*, Civil Action No. 4:11-CV-4516 (March 13, 2012).

Regarding the first argument in the Reply, the Court would point out that Moreno cites cases standing for the proposition that an improperly joined defendant does not need to consent to removal, not that it cannot remove a case. Other cases cited by Moreno hold that the court may not consider a non-diverse party's motion for summary judgment or any other request by a non-diverse party. As noted earlier, the threshold issue of subject matter jurisdiction

must be resolved first, and until the Court determines that it has jurisdiction, it cannot rule on the merits or substance of any filing.   Furthermore if the non-diverse party is found to be fraudulently joined, its citizenship does not destroy diversity but is disregarded, that defendant is dismissed, and any motion made, by it is moot.   Moreno's citations to authority fail to address the real issue here, i.e., whether an improperly joined, nondiverse defendant can remove a case by arguing improper joinder.   In *Jewell*, relied upon by Moreno for the proposition that this Court may not consider Marathon's Notice of Removal here, the action taken by the non-diverse removing party was not the filing of the Notice of Removal or even a motion, but a notice to take a deposition in the case.   Unless the request was limited to the jurisdictional issue,[15] a federal court is required to determine its

---

[15] Regarding piercing the pleadings for a summary inquiry into the existence of diversity jurisdiction,

> [w]hile the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant.  In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant.  We emphasize that any piercing of the pleadings should not entail substantial hearings,  Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of necessity.  Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution on the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined.  Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its

-20-

subject matter jurisdiction before any addressing substantive issues, and in a diversity case, that means examining the Notice of Removal and the controlling state-court pleading.  Thus Moreno's argument is erroneous.  Moreover, the Court has found no citations to that portion of the opinion referenced in headnotes 7 and 8 in *Jewell*, on which Moreno relies and where the issue was discussed.

Nevertheless, as to Moreno's second point, the Court agrees with Moreno that Marathon failed to assert in the Notice of Removal that MEGPL and MEGIL are citizens of a foreign state because they are organized in the Cayman Islands nor has it offered any evidence of that foreign citizenship.[16]  The state court petition, in contrast, alleges that MEGPL and MEGIL were organized under the laws of Grand Cayman and have their principal places of business in Houston, Texas, as if they were corporations and nondiverse as to Moreno.  #1, Ex. B, ¶¶ 8, 9.  Thus, even though the Fifth Circuit in *Stiftung* followed the Ninth Circuit's holding in *Cohn*, because Moreno's petition alleges MEGPL and MEGIL's citizenship differently and because Marathon has failed to meet its heavy burden to assert foreign citizenship upon removal and to submit to

---

burden.

*Smallwood*, 385 F.3d at 573-74, *cited for that proposition, Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 311 (5th Cir. 2005).

[16] Nor does Marathon attempt to identify the citizenship of their members in an effort to follow the usual rule regarding unincorporated associations.

this Court any evidence showing that MEGPL and MEGIL  were formed in and viewed as juridical entities by Grand Cayman, and therefore foreign citizens for purposes of diversity jurisdiction under § 1332(a)(2), the Court presently has no basis upon which to find that MEGPL and MEGIL are diverse foreign citizens of Grand Cayman.

"'A failure to allege facts establishing jurisdiction need not prove fatal to a complaint.'"   *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000), *quoting Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d  100, 103 (2d Cir. 1997).   Title 28 U.S.C. § 1563 provides, "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  This statute, which grants courts the authority and discretion to allow parties to cure defective  allegations  of  jurisdiction,  "should  be  liberally construed to allow a party to cure technical defects, including the failure  to  specifically  allege  the  citizenship  of  parties." *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. App'x 62, 66 (5th Cir. Feb. 1, 2010), *citing Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1258 n.5 (5th Cir. 1988), and *Victus Ltd.*, 212 F.3d at 887-88.   "'Unless the record clearly indicates that complaint could not be saved by any truthful amendment, we generally afford opportunity for amendment.'" *Victus Ltd.*, 212 F.3d at 888, *citing Canedy*, 126 F.3d at 103, and *Scattergood v. Perelman*, 945 F.2d 618, 626 (3d Cir. 1991)(§ 1653 "'permits amendments broadly so as to avoid dismissal of diversity suits on technical grounds'").  Here

both sides agree that MEGPL and MEGIL are entities formed under the laws of the Cayman Islands.

Accordingly, the Court

ORDERS Marathon to file within thirty days of entry of this Opinion and Order an amended notice of removal and to provide evidence of the citizenship of MEGPL and MEGIL.  The Court further

ORDERS that Moreno's motion for remand (#8) is currently DENIED, but may be reurged after Marathon's submission, if appropriate.

Defendants MEGPL and MEGIL's partial motion to dismiss for failure to state a claim (instrument #12), filed on February 9, 2012, is also pending.  On February 29, 2012 the Court  granted Moreno's unopposed motion for an extension of time for Moreno to respond to the motion to dismiss until twenty-one days after the Court ruled on the motion to remand.  After considering the matter, the Court

ORDERS that the motion to dismiss (#12) is DENIED without prejudice as premature, but grants leave to MEGPL and MEGIL to summarily move to reinstate it if the Court finds that it has jurisdiction over them.  Such a motion will relate back to the first to satisfy Rule 12(b)'s requirement that a motion raising a Rule 12(b)6) defense be made "before pleading."

**SIGNED** at Houston, Texas, this 3rd day of August, 2012.

_____
                    MELINDA HARMON
            UNITED STATES DISTRICT JUDGE