```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION

MORENO ENERGY, INC.,                §
                                    §
                Plaintiff,           §
                                    §
VS.                                 §    CIVIL ACTION H-11-4518
                                    §
MARATHON OIL COMPANY, MARATHON      §
E.G. PRODUCTION LIMITED, and        §
MARATHON E.G. INTERNATIONAL         §
LIMITED,                            §
                                    §
                Defendant.           §
```

**<u>OPINION AND ORDER OF REMAND</u>**

Pending before the Court in the above referenced declaratory judgment action, in response to the Court's Opinion and Order of August 3, 2012 (instrument #21[1]) giving Defendant Marathon Oil Company ("Marathon") an opportunity to cure defective allegations of diversity jurisdiction in its removal papers and to prove complete diversity of citizenship under 28 U.S.C. § 1332, i.e., that co-Defendants Marathon E.G. Production Limited ("MEGPL") and Marathon E.G. International Limited ("MEGIL") are citizens of the Cayman Islands with their principal place of business in the Republic of Equatorial Guinea,[2] are Marathon's Amended Notice of

---

[1] Now available at *Moreno Energy, Inc. v. Marathon Oil Co.*, 884 F. Supp. 2d 577 (S.D. Tex. 2012).

[2] Marathon, an Ohio corporation with its principal place of business in Texas, and thus a Texas citizen for diversity purposes, timely removed this action before MEGPL and MEGIL were properly served and claimed that it was improperly joined and therefore its citizenship should be disregarded.

Removal (#22) and a renewed motion to remand (#23) filed by Plaintiff Moreno Energy, Inc..

The Court hereby incorporates its earlier Opinion and Order (#21), including the relevant law set out in it.

Claiming the Court has diversity jurisdiction over this case, Marathon seeks dismissal as an improperly joined Defendant in this action. In its Amended Notice and its Response, Marathon points out that although in the Original Petition Moreno makes several factual allegations against MEGPL and others generically against "Marathon Defendants" collectively, the only factual allegation specifically against Marathon is that it is an owner of the ALBA PSC.[3] The Original Petition alleges breach of contract against MEGPL, conversion against "Marathon Defendants," unjust enrichment/money had and received against "Marathon Defendants," and a claim for declaratory judgment against MEGPL, arising out of Defendants' alleged efforts to deprive Plaintiff Moreno Energy, Inc. ("Moreno"), a citizen of Texas, of substantial portions of its overriding royalty interest in the Alba Field, a "super giant" gas condensate field located in Equatorial Guinea, West Africa. Marathon argues that such generalized assertions cannot defeat the diversity jurisdiction here. As an example, Marathon points to paragraph 4 of the Original Petitions, in which Moreno alleges that

---

[3] Marathon points out that the allegation is that Marathon is the owner of the Alba PSC and, *in that capacity*, has committed torts against Moreno.

"Marathon Defendants have knowingly failed to comply with their contractual obligations under the [conveyance agreement]," but later admitting that MEGPL alone is responsible under that agreement and the claim breach of the conveyance agreement is solely against MEGPL.

As for the amount in controversy, which is not specified in the Original Petition, where a defendant demonstrates that it is "facially apparent" that the claims are likely to be more than $75,000 or where the defendant sets forth facts in the removal petition or by affidavit that support a finding of the requisite amount, that defendant can remove the case immediately. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Alternatively, the defendant can wait until the plaintiff expressly pleads or serves some "other paper" indicating that the amount in controversy exceeds $75,000. *Chapman v. Powermatic, Inc.*, 969 F.2 160, 161-64 (5th Cir. 1992). Marathon maintains that here the amount in controversy exceeds the requirement, as is facially apparent from the Original Petition because Moreno alleges that MEGPL underpaid it on a .15% overriding interest in a 23.45834% interest in the Alba Field, which allegedly "has generated billions of dollars in revenue for the Marathon Defendants and their co-venturers in the Alba PSC."

With regard to evidence that MEGPL and MEGIL are diverse from Moreno contrary to allegations in the Original Complaint, Marathon submits a declaration (Ex. I) with supporting documentary

attachments from Robert Jackson, a partner in the Global Finance and Corporate Group in the Cayman Islands' office of the international law firm, Walkers, in which he attests that MEGPL and MEGIL are domiciled in the Cayman Islands and are viewed as legal persons or juridical entities under Cayman Islands Law and that they are equivalent entities to limited liability companies or unincorporated associations in the United States.  Mr. Jackson also provides a summary of Cayman Islands law and his interpretation of it.  Also submitted is a short declaration, Ex. J, from Charles Brammeier, President of MEGIL and Vice President of MEGPL, stating that contrary to allegations in the Original Petition, these two entities' principal place of business is Equatorial Guinea, not Houston, Texas.

The Court finds that in the amended Notice of Removal (#22) Marathon has adequately pleaded and supported its claim that MEGPL and MEGIL are parties completely diverse to Moreno.

### Moreno's Renewed Motion to Remand (#23)

Moreno reiterates that on the face of the Original Petition there is no diversity jurisdiction because both Moreno and Marathon, which is an Ohio corporation with its principal place of business in Houston, Texas, are citizens of Texas.  Furthermore it contends that although Marathon has the burden of proof to show that it should be dismissed as an improperly joined defendant, because it is a non-diverse party this Court has no jurisdiction to consider any request by Marathon.  In addition, even if the Court

did have jurisdiction, Marathon cannot meet its heavy burden of showing that Moreno cannot establish a cause of action against Marathon in state court. Thus this case must be remanded.

As a non-diverse defendant, Marathon has no standing to invoke this Court's diversity jurisdiction and no standing to request that the claims against it be dismissed, while the Court has no jurisdiction to entertain Marathon's request. *See Pate v. Adell Compounding, Inc.*, 970 F. Supp. 542, 548 (M.D. La. 1997)(stating that a non-diverse defendant has no standing to remove a case to federal court)[4]; *Jewell v. Dudley L. Moore Ins.*, 872 F. Supp. 1517, 1519-20 (M.D. La. 1995)(stating that "a federal court lacks power to act upon any substantive motions submitted by a non-diverse party in a diversity case or to exercise subject matter jurisdiction over that party in any fashion")[5]; *Bankston v. BASF Corp.*, 827 F. Supp. 1239, 1241 (M.D. La. 1993)(stating that the court had no jurisdiction to consider a non-diverse party's motion

---

[4] Marathon objects that this statement was dictum and that the *Pate* court explicitly noted that the non-diverse defendant in that case had not removed the case, but merely joined in the notice of removal filed by another defendant. 970 F. Supp. at 548.

[5] Marathon responds that the *Jewell* court did not address removal, but held that a non-diverse party claiming to have been improperly joined lacked standing to participate in discovery. The court then noted that "once a matter is removed to federal court on the basis of fraudulent joinder, the non-diverse party is not longer a party at interest." *Id.* Marathon argues that "[t]his holding is not inconsistent with a non-diverse party's right to remove a case and, *once the case is removed,* allow the case to proceed between the parties that are properly joined." #24 at p. 4 (emphasis in original).

for summary judgment and "no authority to allow [the non-diverse defendant] to make an appearance in the action by filing such a motion"); *Augustine v. Alliance Ins. Agency Servs., Inc.*, No. 06-9062, 2007 WL 38320, *2 n.1 (E.D. La. Jan. 3, 2007)(stating that the court lacks jurisdiction to entertain any request for relief by a party whose presence defeats diversity); *Windmill Nursery of La., L.L.C.*, No. 06-7980, 2006 WL 3388486, *2 n.2 (E.D. La. Nov. 21, 2006)(same).

Even if this Court could consider Marathon's submissions, Marathon cannot establish improper joinder, i.e., that there is no possibility that Moreno can recover against Marathon. Moreno argues that this Court must apply the more relaxed Texas "fair notice" pleading standard, i.e., a petition is sufficiently pleaded if one can reasonably infer a cause of action from what is stated,[6] since the Original Petition was filed in Texas state court according to that state pleading standard. *Centro Cristiano Coseha Final, Inc. v. Ohio Cas. Ins. Co.*, No. H-10-1846, 2011 WL 240335, *3 (S.D. Tex. Jan. 20, 2011); *Jimenez v. Travelers Indem. Co.*, No. H-09-1308, 2010 WL 1257802, *3 (S.D. Tex. Mar. 25, 2010). Moreno insists that it has adequately pleaded claims against Marathon for conversion and unjust enrichment/money had and received, on the grounds that Marathon has profited at Moreno's expense by taking royalty proceeds and tax credits that rightfully belong to Moreno.

---

[6] *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993).

Orig. Petition at ¶¶ 56-64 (#1-3). As for those factual allegations directed at all three "Marathon Defendants," they satisfy the fair notice standard of providing sufficient detail to allow Marathon's attorney to ascertain the nature and basic issues of the claims against it and the testimony likely to be relevant. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W. 3d 887, 896 (Tex. 2000); Tex. R. Civ. Proc. 47(a)(pleading "shall contain . . . a short statement of the cause of action sufficient to give fair notice of the claims involved . . . .").

Finally, Moreno seeks an award of its costs and expenses under 28 U.S.C. § 1447(c) because Marathon in removing this cases lacked "objectively reasonable grounds to believe that removal was legally proper." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 528, 541 (5th Cir. 2004). Attached to the motion is an affidavit from Moreno's attorney, Allen H. Rustay, stating that Moreno has reasonably incurred at least $8,500 (20 hours billed at $425 per hour) in attorney's fees relating to the removal.

### Marathon's Response in Opposition (#24)

Marathon maintains that (1) under the removal statute, 28 U.S.C. § 1446(a), which requires only that the removing party be a defendant,[7] and under the case law, non-diverse defendants may

---

[7] Marathon points out that § 1446(a) clearly bars plaintiffs from removing even if they are defending a counterclaim and prohibits third-party defendants from removing, but there is no restriction on the ability of a non-diverse party who was improperly joined to remove to federal court. *Bova*, 446 F. Supp. 2d at 931. Moreno is asking this Court to read into the statute

remove a case and (2) Marathon was improperly joined in an effort to defeat the Court's diversity jurisdiction. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 931 (S.D. Ill. 2006)("Plaintiffs have not cited, and the Court's research has not disclosed any authority indicating that this case must be remanded because the removing Defendant is also a diversity-defeating party that claims to have been fraudulently joined."). Therefore the Court should deny Moreno's motion.

Moreno has argued that if Marathon was improperly joined, this Court cannot consider a motion for Marathon to dismiss it. According to Marathon, such a situation "would render meaningless the entire history of American jurisprudence on improper joinder. If an improperly joined party cannot be dismissed from a case, then what is the point of the improper joinder theory?" #24 at p. 5.[8]

Marathon emphasizes that the entirety of Moreno's allegations against Marathon as a distinct entity from the other Defendants consist of the following in ¶ 50 of the Original Petition: "Defendants Marathon Oil and MEGIL are also owners of the Alba PSC and, in that capacity, have (1) directed, assisted, aided and/or

---

a restriction that is not there, maintains Marathon.

[8] This Court finds that Marathon is erroneously confusing two distinct issues: the existence of subject matter jurisdiction and the appropriate remedy for improper joinder. Cases cited by Marathon were not removed by the allegedly fraudulently joined defendant, but by a diverse defendant who subsequently argued that another, non-diverse party was fraudulently joined. Thus they are inapposite to the issue before this Court.

abetted MEGPL's wrongful conduct as alleged herein; and (2) received and/or converted monies, properties, and other valuable assets and/or rights that properly belong to Moreno." This reference[9] and the Original Petition do not articulate any actionable conduct against Marathon. The Petition's allegations are either against all three defendants collectivley or against MEGPL and MEGIL. Marathon insists that the vague, generic pleading against all three Defendants fails to identify what conduct Marathon engaged in and thus to state a claim against it. "'[W]hen plaintiffs make general allegations and fail to support them with specific underlying facts, they have not established a reasonable basis for the court to predict that relief may be granted.'" *Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 612 (N.D. Tex. 2009), *quoting Staples v. Merck & Co., Inc.*, 270 F. Supp. 2d 833, 837 (N.D. Tex. 2003). *See also Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)("[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery."). In sum, Marathon insists that Moreno has failed to state facts supporting the elements of any of the pleaded state law claims against Marathon.

---

[9] Marathon further states that the allegation that it is an owner of the Alba PSC is false and that MEGPL and MEGIL are the owners of the Alba PSC.

**Moreno's Reply (#25)**

Moreno insists that "[t]he removal statute does not provide, and no court has ever held, that a non-diverse defendant, acting alone, has standing to remove a case to federal court based solely on diversity, but multiple courts in this circuit have held that federal courts lack jurisdiction to consider any request by a non-diverse defendant, such as Marathon's request that this Court dismiss all claims against it and maintain jurisdiction over the rest of this case."  #25 at p. 1.

**Court's Decision**

"'Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'"  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998), *quoting Ex parte McCardle*, 7 Wall. 506, 514 (1968).  "The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'"  *Id.* at 94-95, *quoting Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884).[10]

---

[10] An exception was recognized by the Supreme Court in *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999) after removal but not relevant here,  "Where . . . a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction."

The Fifth Circuit has opined that since "'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns.' The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007), *quoting Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995).

The Court concludes that there are both jurisdictional and procedural defects apparent in the removal of this action.

Marathon, which undisputably is not diverse from Moreno, removed the case before the two diverse Defendants MEGPL and MEGIL) were served. Thus at the time of removal and for some weeks afterward, this Court had no jurisdiction over the unserved Defendants. Nor had the state court. Logically, for this Court to have diversity jurisdiction, Moreno and Marathon had to be completely diverse; only once jurisdiction exists could the Court determine if there is improper joinder, and even then, only improper joinder of what necessarily must be a third party because the existence of diversity jurisdiction depends on the removing party being a proper defendant.[11] Because at the time of removal

---

[11] The Court also questions what purpose a non-diverse party would have in removing a case and then have itself dismissed, leaving the suit pending in federal court, because it can challenge its inclusion among named defendants as improper in state court.

of this case, and even several weeks later as reflected by the record, this Court had no jurisdiction because Marathon was not diverse, the removal was improper. Thus it had no jurisdiction when Moreno filed its motion to remand on January 20, 2012.

Neither it nor the state court had jurisdiction over the unserved MEGPL and MEGIL. According to the docket sheet in this case, after the improper removal, summons was issued for MEGPL and MEGIL on January 27, 2012. The Amended Notice of Removal (#22) states that they were properly served on February 1, 2012, but there is no evidence of service filed nor any written consent to the removal from MEGPL and MEGIL. The attorney for Marathon subsequently did make an appearance for Marathon, MEGPL, and MEGIL in filing an answer to the complaint (#11) and a motion to dismiss for failure to state a claim (#12) on February 16, 2012.

Title 28 U.S.C. § 1446(b) has been interpreted to require that all defendants timely join the petition for removal either by signing the original petition removal or by filing written consent before the expiration of the thirty-day deadline for filing. *Louisiana v. Aspect Energy, LLC*, 2011 WL 5238666, *1 (W.D. La. Oct. 1, 2011), *citing Getty Oil Corp. Div. of Texaco, Inc. v. Ins. Co. of North America*, 841 F.2d 1254, 1262 & n.11 (5th Cir. 1988). "A mere statement by the removing defendant that other defendants consent to the removal is insufficient." *Id. citing id.* Although Marathon claimed that MEGPL and MEGIL consented to the removal, there is no writing evidencing such consent and the motion to

dismiss for insufficient service of process that MEGPL and MEGIL filed on December 28, 2011 undermines Marathon's claim that the Court had jurisdiction over them. The face of the Original Petition asserted that MEGPL and MEGIL's principal places of business were in Texas, so there was nothing in the record that would warrant diversity jurisdiction even if they had filed a consent. The Court granted leave to Marathon to amend its notice of removal regarding the citizenship of MEGPL and MEGIL under 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts,"), but the statute does not apply to curing procedural defects such as failure of all defendants to timely join in the removal. *Aspect Energy*, 2011 WL 5238666 at *2, *citing Aucoin v. Gulf South Pipeline Co., L.P.*, No. 4-824, 2004 WL 1196980, *2 (E.D. La. May 26, 2004). After expiration of the 30-day period, the only avenue for amendment is 28 U.S.C. § 1653, which also applies only to jurisdictional allegations. *Id.* at *2 n.6 and *3.

Accordingly, since no one contends that there is federal question jurisdiction here, the Court concludes that as a matter of law where there was no service the two diverse Defendants, Marathon, as a non-diverse Defendant, could not remove this action and ask the Court to dismiss it as an improperly joined defendant because there was no diversity subject matter jurisdiction.

Title 28 U.S.C. § 1447(c) permits a district court to award "just costs and any actual expenses including attorney's fees"

resulting from the removal if the Court finds that it is improper. *Miranti v. Lee*, 3 F.3d 925, 927-29 (5th Cir. 1993). The Court has the discretion to determine whether to impose a fee award against any or all Defendants under § 1447(c). *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 595 (2010). In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the United States Supreme Court held that courts may award attorney's fees when the removing party lacks an objectively reasonable basis for removal. *In accord, Hornbuckle*, 385 F.3d at 541; *Howard v. St. Germain*, 599 F.3d at 457. The Court finds that under the circumstances here Marathon had an objectively reasonable basis for removal and Moreno is not entitled to an award of fees and costs under 28 U.S.C. § 1447(c).

Accordingly, for the reasons cited above, the Court

ORDERS that Moreno's renewed motion to remand (#23) is GRANTED for lack of subject matter jurisdiction and that this action is REMANDED to the 152nd Judicial District Court of Harris County, Texas.

**SIGNED** at Houston, Texas, this 22nd day of May, 2013.

                                                 MELINDA HARMON
UNITED STATES DISTRICT JUDGE